```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA
```

GREGORY JAMES, ET AL.                           CIVIL ACTION

VERSUS                                          NO: 11-2610

HANOVER INSURANCE COMPANY                       SECTION: R(2)

## ORDER AND REASONS

Before the Court are defendant Hanover Insurance Company's Motion to Reopen Case, the opposition of plaintiffs Gregory and Aurora James to Hanover's motion, and defendant's reply. For the following reasons, the Court GRANTS defendant's motion to re-open the case and also GRANTS defendant's pending motion for summary judgment.

## I. BACKGROUND

Plaintiffs sued defendant Hanover in state court on September 2, 2011, alleging that defendant failed to pay coverage for wind damage to plaintiffs' property resulting from Hurricane Katrina.[1] The case was removed to this Court on October 17, 2011 on the basis of diversity jurisdiction.[2] On April 19, 2012, defendant moved for summary judgment, arguing that it was entitled to judgment as a matter of law because plaintiffs' claims were prescribed.[3] On the same day, plaintiffs moved for a

---

[1]   R. Doc. 1-1.

[2]   R. Doc. 1.

[3]   R. Doc. 9.

stay of the proceedings pending the resolution of two cases then before the Supreme Court of Louisiana that involved the prescription of Katrina-related claims.[4] The Court granted that motion and ordered this matter stayed and closed "pending final disposition of" the two cases.[5]

The two cases, *Quinn, et al. v. Louisiana Citizens Property Insurance Corp.*, No. 2012-C-0152, and *Duckworth v. Louisiana Farm Bureau Mutual Insurance Co.*, No. 2011-C-2385, were both decided on November 2, 2012. On June 18, 2013, defendant filed a motion to reopen the case and renewed its request for summary judgment.

## II. STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All

---

[4] R. Doc. 10.

[5] R. Doc. 16.

reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The

nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.* at 325; *Little*, 37 F.3d at 1075 ("Rule 56 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 332)).

## III. DISCUSSION

### A. Motion to Reopen

On May 21, 2012, the Court ordered this matter "stayed and ADMINISTRATIVELY CLOSED pending final disposition" of *Duckworth* and *Quinn*.[6] Both cases were decided on November 2, 2012, and rehearing was denied in *Quinn* on January 25, 2013. Yet plaintiffs argue that *Duckworth* and *Quinn* are not "final dispositions" within the meaning of the Court's Order because the Supreme Court of Louisiana remanded both cases to the district court for further proceedings. Thus, plaintiffs contend, the court "did not resolve all issues" related to Katrina prescription claims.

Plaintiffs are incorrect. *Duckworth* and *Quinn* both concerned the interpretation of La. Code Civ. Proc. art. 596, which provides in relevant part that "[l]iberative prescription on the

---

[6] R. Doc. 16.

claims arising out of the transactions or occurrences described in a petition brought on behalf of a class is suspended on the filing of the petition as to all members of the class as defined or described therein." *Duckworth* held that this statute suspends prescription even as to a class member who brought an individual lawsuit before resolution of the class certification issue. *Duckworth v. La. Farm Bureau Mut. Ins. Co.*, No. 2011-C-2835, 2012 WL 5374248, at *2 (La. Nov. 2, 2012). In other words, a putative class member who elects to file a separate suit before the class is certified does not effectively "opt out" of the class action and forfeit the benefit of the suspension of prescription. *Id.* at *7. *Quinn* held that Article 596 applies only to class actions brought in the State of Louisiana; it "do[es] not extend to suspend prescription on claims asserted in a putative class action filed in a federal court." *Quinn v. La. Citizens Prop. Ins. Corp.*, No. 2012-CC-0152, 2012 WL 5374255, at *1 (La. Nov. 2, 2012). In both cases, the court remanded in order that the district court could address the remaining issues in the cases in a manner consistent with the prescription-related holdings.

  *Quinn* and *Duckworth* are "final dispositions" in that they resolved "the prescription issues regarding Hurricane Katrina cases" on which plaintiffs wanted "guidance"[7] before the Court ruled on defendant's motion for summary judgment. *Cf. Int'l Tel.*

---

  [7] R. Doc. 10-1.

*& Tel. Corp., Commc'ns Equip. & Sys. Div. v. Local 134, Int'l Bhd. of Elec. Workers, AFL-CIO*, 419 U.S. 428, 443 (1975) (defining the term "final disposition" as used in the Administrative Procedure Act as a ruling that has "some determinate consequences for the party to the proceeding"). It is highly doubtful that any further issues related to the interpretation of Article 596 will be clarified by further proceedings in *Quinn* and *Duckworth*. Accordingly, the Court finds it appropriate to reopen this case.

### B. Motion for Summary Judgment

The Court also has before it the parties' submissions on defendant's motion for summary judgment that were filed before this matter was stayed. The Court, having considered those submissions, as well as the impact of *Duckworth* and *Quinn* (if any) on this case, determines that plaintiffs' claims are prescribed, and summary judgment for defendant is appropriate.

This Court applies the Louisiana prescriptive period to diversity cases. *Holt v. State Farm Fire & Cas. Co.*, 627 F.3d 188, 191 (5th Cir. 2010). Under Louisiana law, the burden of proving that a suit has prescribed generally rests with the party asserting prescription. *Taranto v. La. Citizens Prop. Ins. Corp.*, 62 So.3d 721, 726 (La. 2011). But if a petition is prescribed on its face, the plaintiff must rebut the resulting presumption of

prescription by establishing that prescription has been suspended or interrupted. *Id.*

The prescriptive deadline for insurance claims for property damage resulting from Hurricane Katrina was September 1, 2007. The Louisiana Legislature's Act 2006, No. 802, passed in response to the devastation wrought by Katrina, provides as follows:

> [A]ny claim seeking to recover for loss or damage to property against an insurer on any homeowner's insurance policy . . . when such loss or damage was caused by or as a result of Hurricane Katrina . . . shall be instituted on or before August 30, 2007, and suit not instituted within that time and any claims relating thereto shall be forever barred unless a contract or the parties thereto provide for a later date.

*Taranto*, 62 So.2d at 724 n.3. Plaintiffs' suit was filed September 2, 2011, four years after the prescriptive period for Katrina-related insurance claims elapsed. Thus, plaintiffs' claims are facially prescribed, and the plaintiffs must prove that prescription was suspended.

In an attempt to discharge this burden, plaintiffs assert that their claims are "still viable due to the class action titled *Louisiana State, et al. v. AAA Insurance, et al.*" (the "*Road Home* litigation"), originally filed in state court.[8] They also contend that they were a member of plaintiffs' classes in "class actions involving Hanover as a defendant after Katrina."[9]

---

[8]   R. Doc. 12 at 2.

[9]   *Id.*

7

Plaintiffs' position is apparently that they were members of either the *Road Home* class or of other classes in unnamed suits in which Hanover was a defendant, and consequently that the filing of those suits tolled the prescriptive period for their insurance claims pursuant to La. Civ. Code Proc. art. 596.

Plaintiffs have failed to put forth any evidence in support of this contention. With regard to the *Road Home* litigation, that class was defined in the petition as

> [a]ll current and former citizens of the State of Louisiana who have applied for and received or will receive funds through The Road Home Program, and who have executed or will execute a subrogation or assignment agreement in favor of the State, and to whom insurance proceeds are due and/or owed for damages sustained to any such recipient's residence as a result of any natural or man-made occurrence associated with Hurricane Katrina and/or Rita under any policy of insurance, as plead herein, and for which the State has been or will be granted or be entitled to recover as repayment or reimbursement of funds provided to any such recipient through the Road Home program.[10]

The Road Home Program is a program developed by the state under which recipients may "apply for grants of funds to assist them in rebuilding their damaged residences."[11] "Any recipient desiring to receive funds under The Road Home Program had to make written application for funds by July 31, 2007."[12] Plaintiffs have never

---

[10]   *Louisiana State et al. v. AAA Insurance et al.*, No. 2:07-cv-05528, R. Doc. 1-1 at 21.

[11]   *Id.* at 5.

[12]   *Id.*

alleged, either in their complaint or their response to defendant's motion for summary judgment, that they applied for funds through The Road Home Program.[13] To the extent that plaintiffs mean to suggest that they qualify as class members because they were *eligible* to receive benefits under that program at some point in the past,[14] this argument must fail. Because plaintiffs have not alleged that they applied for benefits before the July 31, 2007 deadline, they are not -- and never were -- members of a class comprising "[a]ll current and former citizens of the State of Louisiana who have applied for and received or will receive funds through The Road Home Program."[15] Accordingly, the filing of the *Road Home* class action could not suspend prescription of plaintiffs' claims under Article 596. *See McGee v. State Farm Fire & Cas. Co.*, 2013 WL 702702, at *1 (5th Cir. Feb. 26, 2013) (affirming district court's conclusion that prescriptive period for plaintiffs' suit against insurer for Katrina-related damages was not suspended by the filing of the *Road Home* class action because plaintiffs "were neither members of[,] nor had claims related to[,] the class action in *Road Home*").

---

[13]   *See* R. Docs. 1-1, 12.

[14]   *See* R. Doc. 12 at 3 (emphasizing the words "all eligible and/or future recipients").

[15]   *Louisiana State et al. v. AAA Insurance et al.*, No. 2:07-cv-05528, R. Doc. 1-1 at 21.

Similarly, plaintiffs' conclusory assertions that they are members of classes in unspecified "class actions involving Hanover as a defendant after Katrina"[16] are "not the type of 'significant probative evidence' required to defeat summary judgment." *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001); *see also Little*, 37 F.3d at 1075 (noting that nonmovant's burden to show the existence of a "genuine issue for trial" is "not satisfied . . . by 'conclusory allegations'" or "unsubstantiated assertions" (quoting *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 871-73 (1990))); *Galindo*, 754 F.2d at 1216 ("[U]nsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to . . . defeat a motion for summary judgment."). Accordingly, plaintiffs have not borne their burden to show that prescription on their claims was suspended. Defendant is therefore entitled to summary judgment.[17] *Cf. McGee*, 2013 WL 702702, at *1 (affirming dismissal of suit brought against insurer for Katrina-related losses that was filed after the prescriptive period ended where

---

[16]   R. Doc. 12 at 2.

[17]   Given this resolution of the case, the Court need not address defendant's alternative arguments that (1) the plaintiffs' claims would be prescribed even if they were members of the *Road Home* class; and (2) plaintiffs forfeited the benefit of prescriptive tolling by choosing to file an individual lawsuit.

appellants could not show that they were members of the plaintiff class in any relevant class actions).

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to reopen the case and GRANTS defendant's motion for summary judgment. Plaintiffs' claims are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 12th day of July, 2013.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE